## Richard A. BERG
### v.
## Janice M. BERG.

Nos. 94–144–A, 94–195–A.

Supreme Court of Rhode Island.

April 13, 1995.

Albert J. Mainelli, Cranston.

Janice M. Berg, pro se.

### ORDER

This matter came before the Supreme Court for oral argument on April 3, 1995, pursuant to an order directing the defendant, Janice M. Berg, to show cause why the issues raised in her consolidated appeals should not be denied and dismissed.

After hearing the arguments of counsel for plaintiff and of defendant, who appeared *pro se,* and after reviewing the memoranda submitted by the parties, we are of the opinion that cause has not been shown. Therefore, the appeal will be decided at this time.

The parties each filed petitions for divorce that were granted by an interlocutory decree entered December 19, 1991. This court dismissed defendant's appeal of that decision and concluded that the distribution of marital assets was just and fair. *Berg v. Berg,* 634 A.2d 1174 (R.I.1993).

While the appeal was pending, Richard A. Berg (plaintiff) brought a motion to adjudge defendant in contempt for selling two motorcycles that had been awarded to plaintiff in the interlocutory decree. The Family Court adjudged defendant in contempt and she was ordered to deposit $16,500 with the registry of the court, and subsequently was ordered to deposit an additional $3,900 and to pay $4,500 in counsel fees to plaintiff for the prosecution of the contempt motion. The Family Court entered an order on February 8, 1994, requiring plaintiff to convey his interest in the marital domicile to defendant, pursuant to the interlocutory order that distributed the marital assets. The defendant filed a *pro se* appeal (No. 94–144–A) from the entry of the February 8, 1994 order.

The Family Court entered final judgment in this case on March 18, 1994. The defendant also filed a *pro se* appeal (No. 94–195–A) from that final judgment.

The defendant argued in her memoranda that the distribution of the parties' assets was unfair; however, because we have ruled on this issue in a previous appeal, it is not subject to review. The defendant's appeal of the February 8, 1994 order is likewise not reviewable insofar as the order effectuated the interlocutory decree previously affirmed by this court. In addition, defendant's appeal from the entry of final judgment is not reviewable pursuant to G.L.1956 (1981 Reenactment) § 14–1–52.

At oral argument, defendant alleged that her request to resume her premarital name had been denied by the Family Court. We are of the opinion that defendant's request should be reevaluated and granted by the Family Court, absent compelling reasons.

In conclusion, we deny and dismiss the appeals and affirm the orders of the Family Court. We direct the Family Court to reexamine the defendant's request in respect to her name. The papers in the case may be returned to the Family Court.